IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERMAINE DAVID RICHARDSON,<br><br>Defendant. | CR 23-19-BLG-SPW<br><br>ORDER |

Defendant Jermaine Richardson is charged with two counts of being a prohibited person in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Before the Court is Richardson's Motion *in Limine* (Doc. 19) and his Motion to Sever Counts (Doc. 24). The United States opposes each motion. (Docs. 37 and 38). No reply was filed. The Court will address each motion individually.

I.   **Motion *In Limine***

A. *Alleged prior crimes, wrongs, and acts*

Richardson moves *in limine* to exclude all evidence of alleged prior crimes, wrongs, or acts by Defendant, both during the United States' case-in-chief and as impeachment evidence, under Federal Rule of Evidence 404(b). (Doc. 20 at 3-5). The United States responds that it does not intend to introduce evidence of

1

Defendant's prior criminal convictions unless Defendant does not stipulate to his prohibited status. (Doc. 38 at 2). If Defendant does not stipulate, the United States will have to prove that Defendant had been previously convicted of a felony, which would require discussion of his prior convictions. 9th Cir. Crim. Jury Instr. 14.15. The United States also argues that it is premature to determine what evidence may be permissible to use as impeachment evidence because Defendant has not yet testified. The Court agrees with the United States and reserves ruling on the motion until the issues have become ripe.

### B. *Surveillance video footage*

Richardson also seeks to exclude brightened and cropped surveillance video footage purportedly showing Richardson in connection with a shooting under Federal Rule of Evidence 403, asserting that the video is altered, incomplete, and is unfairly prejudicial to Richardson because it tempts the juror to leap to conclusions regarding Richardson's guilt. (Doc. 20 at 8-9). Richardson did not attach the video to his motion. The United States argues that the Court should defer ruling on the video until it has heard witness testimony regarding foundation from the technician. (Doc. 38 at 5). Once again, the Court agrees with the United States. The Court will not have the necessary information to make an informed ruling until it has seen both the original and enhanced video and received evidence regarding the enhancement process. The Court reserves ruling on the motion until trial.

2

## II.     Motion to Sever Counts

Richardson moves to sever Counts I and II and for a separate trial on each. (Doc. 24). Richardson is charged in Count I with possessing ammunition on or about December 10, 2022, and in Count II with possessing a firearm on or about January 1 through 10, 2023. (Doc. 1). Richardson argues that severance is warranted because the two counts are not closely related, do not have much overlapping evidence, and that he would be prejudiced because the jury may be tempted to convict based on the cumulation of evidence for both counts, rather than considering the evidence supporting each count individually. (Doc. 25 at 6). The United States responds that severance is inappropriate here because the charges are of a similar character, logically related by motive, are connected by the same or similar evidence regarding each count, and that concerns regarding prejudice are best addressed by appropriate jury instructions. (Doc. 37 at 4-6).

An indictment may appropriately charge a defendant in separate counts with two or more offenses when the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Judicial review of proper joinder is limited to the allegations in the indictment only. *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). Joinder is the rule rather than the exception. *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980). Even if

3

joinder is appropriate, the Court may order separate trials of count if joinder prejudices a defendant or the government. Fed. R. Crim. P. 14(a).

The Courts finds that joinder is appropriate, and that severance is unjustified. Contrary to Richardson's assertion, there is significant evidentiary overlap between the two counts. The testimony and evidence regarding Richardson's prohibited status and knowledge of that status is the same for each, as is the interstate nexus testimony concerning the ammunition and firearm. Although witness testimony would differ regarding the specifics of the possession on each date, the counts are not so unrelated as to warrant severance, especially given the strong presumption of joinder and consideration of judicial economy. The Court further agrees with the United States that concerns regarding prejudice can be appropriately addressed through curative jury instructions. Richardson's motion is denied on that basis.

### III. Conclusion

IT IS HEREBY ORDERED that Richardson's Motion *in Limine* (Doc. 19) is RESERVED until trial and Motion to Sever Counts (Doc. 24) is DENIED.

DATED this 11th day of August, 2023.

SUSAN P. WATTERS
United States District Judge